IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

BRANDON RADCLIFFE,

                Plaintiff,

v.

C. R. LAURENCE CO., INC.,

                Defendant.

No.

COMPLAINT FOR DAMAGES FOR WRONGFUL TERMINATION AND VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION

The Plaintiff Brandon Radcliffe alleges:

## I. JURISDICTION AND VENUE

1.1    This Court has subject matter jurisdiction over this cause of action under RCW 2.08.010.

1.2    The Plaintiff, Brandon Radcliffe ("Mr. Radcliffe" or "Plaintiff"), is a resident of Maple Valley, King County, Washington, and worked for the Defendant, in Kent, King County, Washington.

1.3    The Defendant, C.R. Laurence Co., Inc. (the "Defendant"), is a California corporation with a principal place of business in Los Angeles, California.

1.4    The wrongful acts alleged by Mr. Radcliffe occurred in whole or in part in Kent, King County, Washington.

1.5    The Court has jurisdiction over this action pursuant to RCW 49.60.030.

1.6     Venue is proper in this Court because the acts alleged herein took place in King County, Washington, and the Defendant transacts business in King County, Washington.

## II. STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS AND CAUSES OF ACTION

2.1     The Plaintiff incorporates by reference and re-alleges paragraphs 1.1 – 1.6 as if fully set forth herein.

2.2     In approximately October 2018, the Defendant hired Mr. Radcliffe as a Warehouse Lead in Kent, Washington.

2.3     In approximately December 2019, the Defendant moved Mr. Radcliffe to the position of Office Administrative Assistant.

2.4     Mr. Radcliffe performed the job of Office Administrative Assistant well, and at all times satisfactorily; however, in approximately late February 2020, he requested that he be placed back into the Warehouse Lead position.

2.5     On or about February 29, 2020, pursuant to RCW 43.06.220, Washington State Governor Jay Inslee issued Proclamation 20-05, which proclaimed a State of Emergency for all counties throughout Washington State as a result of the coronavirus disease 2019 ("COVID-19").

2.6     In approximately March 2020, the Defendant moved Mr. Radcliffe back to the position as Warehouse Lead.

2.7     Immediately after Mr. Radcliffe returned to the position of Warehouse Lead, the COVID-19 pandemic worsened, particularly in the Greater Seattle area.

2.8     Mr. Radcliffe has a disability pertaining to his heart.

2.9     The condition was diagnosed as hypertrophic cardiomyopathy, a serious and chronic heart condition which requires a pacemaker.

2.10    The Defendant had notice of Mr. Radcliffe's disability.

COMPLAINT FOR DAMAGES FOR WRONGFUL
TERMINATION AND VIOLATION OF THE
WASHINGTON LAW AGAINST DISCRIMINATION
- 2

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

2.11   On or about March 18, 2020, Mr. Radcliffe's cardiologist informed him that, because of his disability, if he was to contract COVID-19, he was at high risk for serious illness, complications, and possibly death.

2.12   The Center for Disease Control stated that individuals with hypertrophic cardiomyopathy that contract COVID-19 are at high risk for serious illness, complications, and possibly death.

2.13   On or about March 18, 2020, because of his disability, Mr. Radcliffe's cardiologist restricted Mr. Radcliffe from physically being in the work environment.

2.14   Mr. Radcliffe informed the Defendant that he was restricted from physically being in the work environment and provided it with a note from his cardiologist.

2.15   Shortly after Mr. Radcliffe's last day on the Defendant's premises in Kent, Washington, the facility experienced a COVID-19 outbreak.

2.16   Initially, the Defendant placed Mr. Radcliffe on unpaid leave under the Family and Medical Leave Act ("FMLA").

2.17   Mr. Radcliffe did not need to be placed on unpaid leave, as he was able to work without restrictions remotely.

2.18   The Defendant could have placed Mr. Radcliffe back into the position of Office Administrative Assistant, which would have allowed him to work remotely.

2.19   On or about April 13, 2020, pursuant to RCW 43.06.220, Governor Inslee issued Proclamation 20-46, which prevented all employers from failing to provide accommodation to high-risk workers, as defined by the Centers for Disease Control and Prevention, that protects them from risk of exposure to the COVID-19 disease on the job.

2.20   Proclamation 20-46 prohibited:

>   1. Employers are prohibited from failing to utilize all available options for alternative work assignments to protect high-risk employees, if requested, from exposure to the COVID-19 disease, including but not limited to

COMPLAINT FOR DAMAGES FOR WRONGFUL
TERMINATION AND VIOLATION OF THE
WASHINGTON LAW AGAINST DISCRIMINATION
- 3

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

telework, alternative or remote work locations, reassignment, and social distancing measures;

2. Employers are prohibited from failing to permit any high-risk employee in a situation where an alternative work arrangement is not feasible to use any available employer granted accrued leave or unemployment insurance in any sequence at the discretion of the employee;

3. In the event the employee's paid time off exhausts during the period of leave, employers are prohibited from failing to fully maintain all employer-related health insurance benefits until the employee is deemed eligible to return to work; and

4. Employers are prohibited from taking adverse employment action against an employee for exercising their rights under this Proclamation that would result in loss of the employee's current employment position by permanent replacement.

2.21   On or about April 20, 2020, Mr. Radcliffe's cardiologist again submitted a note to the Defendant which stated that he had a disability and that based on the recommendations from Public Health, Seattle & King County, and the CDC, Mr. Radcliffe could not be in that work environment.

2.22   On or about July 6, 2020, the Defendant notified Mr. Radcliffe that his protected leave under the FMLA expired.

2.23   On or about July 29, 2020, Governor Inslee extended the protections of Proclamation 20-46 through the duration of the state of the emergency.

2.24   In July 2020, Mr. Radcliffe requested an accommodation in the form of being allowed to work remotely, via a telephone call to Maria Robinson in Human Resources.

2.25   Mr. Radcliffe would have been able to perform the duties of the Office Administrative Assistant remotely.

2.26    Instead of engaging in the interactive process with him, Ms. Robinson instructed Mr. Radcliffe to complete further leave paperwork.

2.27    Mr. Radcliffe stressed to Ms. Robinson that he did not want to take unpaid leave; he wanted to be accommodated by being allowed to work remotely as the Office Administrative Assistant or other available remote positions.

2.28    On or about September 21, 2020, Ms. Robinson notified Mr. Radcliffe that it was determined that his request for a continued leave of absence is considered a proactive step to self-quarantine in conjunction with the pandemic rather than a result of a medical condition.

2.29    It stated that if he did not return to work on October 5, 2020, his employment would be terminated.

2.30    Mr. Radcliffe repeatedly attempted to discuss this matter with Ms. Robinson, as it was related to a medical condition and his doctor had restricted him from the in-person work environment because of his disability.

2.31    Ms. Robinson ignored Mr. Radcliffe's telephone calls.

2.32    On October 5, 2020, the Defendant terminated Mr. Radcliffe's employment and ended his healthcare benefits.

2.33    As of October 5, 2020, Washington State was still in a state of emergency.

2.34    After the Defendant terminated him, Mr. Radcliffe asked that the termination be rescinded and again requested that he be accommodated.

2.35    The Defendant ignored Mr. Radcliffe's request for an accommodation.

### III.    SPECIFIC STATEMENT OF CLAIMS AND CAUSES OF ACTION

3.1    The Plaintiff incorporates by reference and re-alleges paragraphs 1.1 – 2.35 as if fully set forth herein.

**CLAIM FOR DISCRIMINATION UNDER THE WASHINGTON LAW AGAINST DISCRIMINATION (DISPARATE TREATMENT)**

3.2    The Plaintiff is a member of a protected class because he has a disability.

3.3     The Plaintiff is qualified for the position he maintained with the Defendant or substantially equal work.

3.4     The Plaintiff took an adverse employment action toward him in the form of termination.

3.5     The Plaintiff was performing satisfactory work at the time of his need for an accommodation.

3.6     The Defendant replaced the Plaintiff with a person without a disability.

3.7     The Defendant terminated the Plaintiff from employment because of the Plaintiff's physical limitations in violation of the Washington Law Against Discrimination, RCW 49.60.180.

## CLAIM FOR RETALIATION UNDER THE WLAD

3.8     The Defendant retaliated against the Plaintiff for having a disability and for requesting a reasonable accommodation.

3.9     The Plaintiff was engaged in the protected activity of requesting a workplace accommodation for his disability.

3.10    The Defendant took an adverse employment action when it failed to accommodate the Plaintiff's physical limitation by failing to engage in the interactive process with him and by terminating him for having a disability.

3.11    The Plaintiff's disability and request for accommodation prompted the Defendant's actions, which were its failure to accommodate Plaintiff and subsequent termination of him.

## CLAIM FOR FAILURE TO ACCOMMODATE UNDER THE WLAD

3.12    The Plaintiff was engaged in the protected activity of requesting a workplace accommodation for his disability.

3.13    The Defendant took an adverse employment action when it failed to accommodate Plaintiff's physical limitation by failing to engage in the interactive process with him and by terminating him for having a disability.

3.14    The Plaintiff's request for accommodation prompted the Defendant's wrongful action, which was its termination of the Plaintiff.

**CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

3.1    Washington State's common law recognizes a tort claim for wrongful discharge in violation of public policies.

3.2    Pursuant to RCW 43.06.220, Governor Inslee's Proclamation 20-46 created public policy.

3.3    In approximately March 2020, the Plaintiff requested an accommodation, as he was unable to be in the physical work environment because of his disability and the COVID-19 pandemic.

3.4    Instead of accommodating the Plaintiff, the Defendant placed the Plaintiff on unpaid leave and, ultimately, terminated him, in violation of Proclamation 20-46.

3.5    Requesting an accommodation for his disability under Proclamation 20-46 was protected activity.

3.6    The Plaintiff's disability and request for an accommodation was the reason that the Defendant terminated the Plaintiff's employment.

## IV.    DAMAGES

4.1    The Plaintiff incorporates by reference and re-alleges paragraphs 1.1 – 3.6 as if fully set forth herein.

4.2    The Defendant's unlawful conduct with regard to its employment of Plaintiff has caused Plaintiff the following damages:

4.2.1    Lost back pay, wages, and benefits in amounts to be established at trial.

4.2.2    Lost front pay, future wages, and benefits in amounts to be established at trial.

4.2.3    Attorney fees and costs.

4.2.4    Emotional upset, stress, and anxiety in an amount to be established at trial.

4.2.5   Out of pocket expenses, litigation costs, and attorney fees in amounts to be established at trial.

Statutory and punitive damages.

## V.   REQUEST FOR RELIEF

The Plaintiff, Brandon Radcliffe, requests that the court enter judgment against the Defendant as follows:

1. Awarding the Plaintiff special damages for lost wages, benefits, and out of pocket expenses in amounts to be established at trial.

2. Awarding the Plaintiff general damages for emotional distress in an amount to be established at trial.

3. Awarding the Plaintiff reinstatement to his former position with the Defendants or in lieu of reinstatement, awarding the Plaintiff future wage loss in an amount to be established at trial.

4. Awarding the Plaintiff actual and reasonable attorney fees, litigation expenses, and costs incurred in this action under RCW 49.60.030.

5. Injunctive relief as allowed under RCW 49.60;

6. Declaratory relief to the effect that the Defendants have violated the Plaintiff's statutory rights;

7. Awarding the Plaintiff prejudgment interest on his lost wages award and economic loss; and

8. Awarding the Plaintiff any additional or further relief which the court finds equitable, appropriate or just.

COMPLAINT FOR DAMAGES FOR WRONGFUL
TERMINATION AND VIOLATION OF THE
WASHINGTON LAW AGAINST DISCRIMINATION
- 8

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

DATED June 29, 2021.

EMERY | REDDY, PLLC

By: _____
PATRICK B. REDDY
WSBA No. 34092
AMANDA V. MASTERS
WSBA No. 46342
Emery Reddy, PLLC
600 Stewart St., Ste 1100
Seattle, WA 98101
Telephone: (206) 442-9106
Fax: (206) 441-9711
Email: reddyp@emeryreddy.com
amanda@emeryreddy.com
Attorneys for Plaintiff
Brandon Radcliffe

COMPLAINT FOR DAMAGES FOR WRONGFUL
TERMINATION AND VIOLATION OF THE
WASHINGTON LAW AGAINST DISCRIMINATION
- 9

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711